UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ALFRED PITRE** | **CASE NO. 6:23-CV-00699** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (Rec. Doc. 24). Defendant opposes the Motion (Rec. Doc. 28), and Plaintiff replied. (Rec. Doc. 31). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation pursuant to the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the Parties, and for the reasons explained below, the Court recommends that the Motion be DENIED.

### Facts and Procedural History

This action alleging claims against Defendant American Bankers Insurance Company of Florida was removed by Defendant from the 13th Judicial District Court for the Parish of Evangeline. (Rec. Doc. 1). On or about September 19, 2021, Plaintiff's property was damaged due to a windstorm and sustained additional

damage during various weather events through March 30, 2022. (Rec. Doc. 1-1, ¶ 7). Defendant issued a policy of insurance covering Plaintiff's property which was in full force and effect when the property was damaged. (*Id.*, at ¶ 5). Per Plaintiff, Defendant was provided with a full and particular account of Plaintiff's expenses and losses as a result of the damage and failed to provide proof that it was not responsible for the payment of Plaintiff's damages and has failed to pay the requested amounts. (*Id.*, at ¶¶ 9 & 11). Plaintiff requests costs of repairing his home, general damages, bad faith damages, nonpecuniary damages, moratory damages, attorney fees, court costs, and expert/consultant fees, alleging Breach of Contract and Bad Faith. (*Id.*, at ¶¶ 13-22).

In the Notice of Removal, Defendant alleges that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. (Rec. Doc. 1). Specifically, Defendant notes that Plaintiff's policy limits are "73,800.00 for covered damaged sustained to the insured dwelling, $1,426.00 for damage to other structures, and $14,600.00 for damage to personal property." (*Id.*, at ¶ 8). Per Defendant, they have already paid Plaintiff $8,830.90 on the dwelling coverage and $7,380.00 for additional living expenses as a result of the claimed damage. (*Id.*, at ¶ 9). Plaintiff asserts that the insured property sustained damage in the amount of

$55,927.59; thus, according to Defendant, $46,596.69 remains in dispute after subtracting Plaintiff's $500.00 deductible. (*Id*., at ¶¶ 10 & 12). Defendant also notes that Plaintiff is seeking to recover consequential damages, penalties, and attorney's fees for alleged bad faith and contends that "the amount in controversy requirement…is more than satisfied" with those additional damages. (*Id*., at ¶¶ 11 & 15).

Plaintiff filed the instant Motion to Remand alleging that Defendant filed a defective Notice of Removal because they failed to demonstrate that the amount in controversy exceeds the requisite jurisdictional amount of $75,000.00. (Rec. Doc. 24). Per Plaintiff, removal cannot be based on a speculative amount of damages. (*Id*.). Accordingly, Plaintiff contends that Defendant has failed to prove by a preponderance of the evidence that the consequential damages satisfy the amount in controversy requirement. (*Id*.).

## Law and Analysis

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute. *See Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010). Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question, and those where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and

the parties are citizens of different states. 28 U.S.C. §§ 1331 and 1332. The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction. *See St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). Therefore, when an action is removed from state court, the removing party bears the burden of proving that federal court jurisdiction exists. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Plaintiff does not challenge the parties' diversity, and the Court finds that diversity is satisfied. Rather, in the Motion to Remand, Plaintiff challenges Defendant's contention that the amount in controversy exceeds the jurisdictional minimum. (Rec. Doc. 24). The amount in controversy is determined at the time of the filing of the complaint. *White v. FCI USA, Inc.,* 319 F.3d 672, 674 (5th Cir. 2003). The party invoking federal diversity jurisdiction bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 351 (5th Cir. 2023). This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount. *Id.* Any doubts as to the propriety of removal are construed strictly in favor of remand. *See In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

In Louisiana, plaintiffs are not permitted to plead a specific dollar amount of damages. *See* La. Code Civ. Proc. art. 893(A)(1); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009). Therefore, the petition filed in this lawsuit does not request recovery of a specific amount. (Rec. Doc. 1-1). Here, Plaintiff requests costs of repairing his home, general damages, bad faith damages, nonpecuniary damages, moratory damages, attorney fees, court costs, and expert/consultant fees. (*Id.* at ¶ 22). This Court finds that the amount in controversy is not facially apparent from Plaintiffs' petition; thus, Defendant must set forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount. *Allstate Fire & Cas. Ins. Co.*, 71 F.4th at 351.

Plaintiff contends "Defendant's claim that Plaintiff *may* be entitled to penalties or fees is mere speculation with no sum certain…" and encourages the Court to not "speculate about the jurisdictional sufficiency of generally stated damages…" (Rec. Doc. 31, p. 2). Plaintiff's position is contrary to well settled law. In actions seeking sums due under an insurance policy, when determining if the jurisdictional amount exists, the Court must consider not only the amounts allegedly due under the policy, but also any potential attorneys' fees and penalties for which the insurer may be liable. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

### a. Penalties

Plaintiff seeks to recover statutory penalties under both La. R.S. 22:1892 and La. R.S. 22:1973. (Rec. Doc. 1-1, ¶ 22). As this Court has explained,

> La. R.S. 22:1892(B)(1) mandates that insurers pay penalties equal to fifty percent of the insured's damage amount (the contractual amount found due), or $1,000, whichever is greater, plus costs and reasonable attorneys' fees when the insurer arbitrarily fails to pay funds within thirty days after receiving the plaintiff's proof of loss. La. R.S. 22:1973 imposes a duty of good faith and fair dealing on insurers, and mandates that an insurer that breaches its "duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims" is subject to penalties "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." The penalty allowed under La. R.S. 22:1973 is based not on the contractual amount owed but, rather, on the damages sustained by the insured as a result of the insurer's breach of its duty of good faith and fair dealing. However, a plaintiff may be awarded penalties under only one of those two statutes for the same conduct, whichever is greater.

*Edwards v. Nw. Mut. Life Ins. Co.*, No. 16-CV-00871, 2016 WL 7077883, at *3 (W.D. La. Oct. 11, 2016), report and recommendation adopted, No. 16-CV-00871, 2016 WL 7108587 (W.D. La. Dec. 5, 2016)(citations removed). While Plaintiff argues that the amount in controversy is less than $75,000.00 even if the Court were to consider penalties and fees (Rec. Doc. 31, p. 31), Defendant proposed a method of calculating Plaintiff's alleged damages based on the allegations set forth in the petition which results in an amount in

controversy that exceeds the jurisdictional minimum. This Court finds Defendant's calculations to be persuasive.

As noted above, Defendant calculated the net claim for policy benefits to be $46,596.69. (Rec Doc. 1, ¶¶ 10 & 12; Rec. Doc. 28, p. 2). If Plaintiff were to succeed on his claim under La. R.S. 22:1892, he would be entitled to recover fifty percent of the amount due under the insurance contract. In other words, he would be entitled to recover fifty percent of $46,596.69 or $23,298.35. Adding this penalty to the $46,596.69 in claimed unpaid benefits, the amount in controversy rises to $69,895.04.

### b. Attorneys' Fees

When a breach of La. R.S. 22:1892 has occurred, an award of attorney's fees is mandatory. A plaintiff may also be awarded attorney's fees under La. R.S. 22:1892 if he is awarded penalties under La. R.S. 22:1973; however, such an award is discretionary. Only a reasonable estimate of attorney's fees may be considered in assessing the amount in controversy. *Smith v. Geico Indem. Co.*, No. 14-1150, 2014 WL 4540070, at *3 (E.D. La. Sept. 11, 2014); *Coburn v. Int'l. Paper Co.*, No. 12-2163, 2013 WL 4776481 at *2 (W.D. La. Sept. 4, 2013). Courts typically use the standard 33% of total recovery or one-third contingency fee arrangement when calculating attorneys' fees. *See*, *Washington v. Liberty Mut. Fire Ins. Co.*, No.

6:12CV0746, 2012 WL 3096046, at *3 (W.D. La. July 30, 2012). Alternatively, an evaluation of "the services needed to effect recovery, the degree of professional skill and ability exercised, the volume of work performed, the time devoted to the case, the result obtained, the amount in controversy, the novelty and difficulty of the questions involved" may be used to determine an appropriate amount of attorneys' fees to be awarded. *Khaled v. Windham*, No. 94 CA 2171, 657 So. 2d 672, 680 (La. App. 1 Cir. June 23, 1995).

Regardless of how the attorneys' fees are calculated, it is evident that the potential attorneys' fee award in this case suffices to increase the amount in controversy over $75,000.00. Here, only $5,104.97 in attorneys' fees is required to exceed that threshold. Defendant correctly noted the 33% method in their calculation, but incorrectly calculated it at 50% or $23,298.35 as opposed to 33% or $15,376.91. (Rec. Doc. 28, p. 2). However, only $5,104.97 is needed and, under the reasoning set forth in the cases cited above, an award of at least $5,104.97 is neither speculative nor a mere possibility in this case.

As a result, Defendant has established that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. Once it is apparent that there is a sufficient amount in controversy for jurisdiction, the plaintiff can only defeat removal by establishing that it is legally certain that his claims are for less than

$75,000.00. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995). Because Plaintiff has not filed a binding stipulation that limits recovery to less than $75,000.00 or set forth in his petition the declaration regarding federal-court jurisdiction permitted by Louisiana Civil Code Article 893, he has made no such showing. Therefore, this Court finds that the amount in controversy requirement for subject-matter jurisdiction is satisfied in this case, and it is recommended that Plaintiff's Motion to Remand (Rec. Doc. 24) be DENIED.

### **Conclusion**

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Remand be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 11th day of January, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE